IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

DIANA RIGGINS,

                Plaintiff,              Case No. 1:12 oe 40002

    -vs-

                                             AMENDED
ORTHO MCNEIL PHARMACEUTICAL, INC.,   MEMORANDUM   OPINION
et al.,

                Defendant.

KATZ, J.

Plaintiff Diana Riggins sued Defendants when she experienced bilateral pulmonary emboli after using Defendants' Ortho Evra® brith control patch.  Currently pending is Defendants' combined motion for summary judgment and judgment on the pleadings as to all of Plaintiff's claims.  (Doc. 7).  For the reasons that follow, Defendants' motion is granted in part and denied in part.

**I. Background**

Plaintiff was first prescribed the Ortho Evra® birth control patch in December 2004, and continued using the patch until July 2008.  Plaintiff was last prescribed the patch in December 2007 by  Mary Fessel, a California board certified Nurse Practitioner.  Plaintiff experienced bilateral pulmonary emboli in July 2008.  Plaintiff subsequently filed this action as part of the Ortho Evra® multidistrict litigation.  Defendants now move for summary judgment and judgment on the pleadings.

**II. Legal Standards**

**A. Summary Judgment**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 323-25. Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2541, 91 L. Ed. 2d 202 (1986) (*quoting* FED. R. CIV. P. 56(e)).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). Rather, Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553; *see also Harris v. General Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the

existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S. Ct. at 2552.

"In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party." *Williams v. Belknap*, 154 F. Supp. 2d 1069, 1071 (E.D. Mich. 2001) (citing *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)). However, "'at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter,'" *Wiley v. U.S.*, 20 F.3d 222, 227 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249); therefore, "[t]he Court is not required or permitted . . . to judge the evidence or make findings of fact." *Williams*, 154 F. Supp. 2d at 1071. The purpose of summary judgment "is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 130 F. Supp. 2d 928, 930 (S.D. Ohio 1999). Ultimately, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52; *see also Atchley v. RK Co.*, 224 F.3d 537, 539 (6th Cir. 2000).

**B. Judgment on the Pleadings**

The Court construes Plaintiff's motion to dismiss as a Fed. R. Civ. P. 12(c) motion for judgment on the pleadings.

A Fed. R. Civ. P. 12(c) motion for judgment on the pleadings is analyzed under the same standard as a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Sensations, Inc. v. City of Grand Rapids,* 526 F.3d 291, 295 (6th Cir.2008). To defeat such a motion, the complaint must state sufficient

facts, accepted as true, to state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding the motion, the Court must accept as true all of the non-movant's factual allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2013). The complaint "need not contain 'detailed' factual allegations, [but] its 'factual allegations must be enough to raise a right to relief above the speculative level . . . .'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Conclusory allegations and legal conclusions masquerading as factual allegations will not suffice. *Twombly*, 550 U.S. at 555 (holding that a complaint must contain more than "a formulaic recitation of the elements of the cause of action").

**III. Discussion**

**A. Statute of Limitations**

Defendants move for summary judgment on grounds that "product liability claims brought under either a strict liability or negligence theory must be filed within two (2) years after the cause of action accrues." (Defs.' Br. Supp. Mo. Summ. J., Doc. 7-11 at 16) (citing Cal. Civ. P. Code § 335.1; *see also Edison v. Medtroinc, Inc.*, Nos. 13-CV-02049, 13-CV-01502, 2014 WL 1996024, at *9 (N.D. Cal. May 13, 2014) (citation omitted) ("Under California Civil Procedure Code § 335.1, personal injury claims based on defective products are subject to a two-year limitations period.").

At the outset, the Court notes that while Defendants argue Plaintiff's strict liability and negligence-based products liability claims are barred by two year statutes of limitation,

Defendants do not specifically state whether they believe Plaintiff's breach of express and implied warranty claims, or whether Plaintiff's sundry fraud claims are also governed by a two year limitations period.  Because Defendants do not argue the appropriate limitations period, they have not shown they are entitled to judgment as a matter of law as to Plaintiff's warranty and fraud claims.

Turning to Plaintiff's strict liability and negligence-based claims, Defendants are correct that the claims are untimely.  As explained by *Edison*, *supra*, personal injury claims based on defective products must be brought within two years from the date the cause of action accrues.  *Edison*, 2014 WL 1996024, at *9.  "The date of accrual of the cause of action is generally the date of physical injury."  *Id*. (citations omitted).  Importantly, however, "the discovery rule delays the commencement of the running of the statute until the plaintiff 'is aware of her injury and its negligent cause.'"  *Id*. (quoting *Jolly v. Eli Lilly & Co.*, 751 P.2d 923 (1988)).

In this case, Plaintiff's injury occurred in July 2008, but she did not file this lawsuit until May 2012, more than two years later.  Both parties argue whether the discovery rule saves Plaintiff's claim, making much of whether Plaintiff was aware at the time of her hospital discharge that her discharge papers indicated Ortho Evra® caused the pulmonary embolism.  Discharge papers aside, Plaintiff stated in an August 25, 2009 email to her doctor that: "Yes first time with this condition [July 2008 pulmonary embolism] caused by my birth control patch which I no longer use."  (Doc. 9-2 at 1-2).  Thus, the undisputed facts show Plaintiff was aware Ortho Evra® caused her pulmonary embolism more than two years before she filed suit.  The statute of limitations therefore entitles Defendants to summary judgment against Plaintiff's strict liability and negligence-based product liability claims.

5

**B. Learned Intermediary Doctrine**

Defendants argue California's learned intermediary doctrine entitles them to summary judgment against Plaintiff's failure to warn claims. Because Plaintiff's failure to warn claims are encompassed by her strict liability and negligence-based product liability claims, the failure to warn claims are barred by the statute of limitations and the Court need not undertake a learned intermediary analysis.

**C. Judgment on the Pleadings as to Non-Failure to Warn Claims**

Defendants move for Fed. R. Civ. P. 12(c) judgment on the pleadings against Plaintiff's negligence, breach of express and implied warranty, and sundry fraud claims. Defendants' motion will be granted as to Plaintiff's express and implied warranty claims, and denied as to Plaintiff's other claims.

First, Defendants' reply brief claims that since Plaintiff contends all theories of recovery are predicated on Defendants' alleged failure to warn, the learned intermediary doctrine requires judgment on the pleadings on all claims, even on Plaintiff's non-failure to warn claims. Even if the Court had engaged in a learned intermediary analysis, it is improper for Defendants to raise this issue for the first time in their reply brief. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) (explaining reply briefs allow moveant to reply to opposition's arguments, not raise new arguments in support of motion). In any event, Defendants do not provide the Court with any explanation or authority as to why non-failure to warn claims are barred by a doctrine designed to preclude failure to warn claims. The learned intermediary doctrine therefore does not entitle Defendants to judgment on the pleadings.

Defendants also move for judgment on the pleadings on grounds that Plaintiff's complaint contains insufficient factual allegations and therefore amounts to the sort of formulaic recitation of the elements precluded under *Twombly*, 550 U.S. at 555. Upon review, the Court finds Plaintiff's complaint is not violative of the Federal Rules' pleading standards. Rather, Plaintiff's complaint states sufficient factual matter to put Defendants on notice as to the nature of her claims, and to state claims that are plausible on their face. *See* Ortho Evra Prods. Liab. Master Compl., Doc. 8-4; *see also* Fed. R. Civ. P. 8(a) (pleading must contain short plain statement of claim showing pleader is entitled to relief); *Twombly*, 550 U.S. at 555 (Rule 8(a) requires that complaint contain sufficient factual matter to establish claim that is plausible on its face); *accord Iqbal*, 556 U.S. at 678. Further, Plaintiff pleads her fraud claims with sufficient particularity to satisfy Fed. R. Civ. P. 9(b)'s heightened pleading standard.

Finally, Defendants argue they are entitled to judgment on the pleadings as to Plaintiff's breach of express and implied warranty claims because there is no privity of contract between Plaintiff and Defendants. "Under controlling California law, privity between the patient and the manufacturer of a medical device or pharmeceutical product is a necessary component of breach of warranty claims. *Adams v. I-Flow Corp.*, No. CV-09-09550 R (SSx), 2010 U.S. Dist. LEXIS 33066, at *11 (C.D. Cal. Mar. 30, 2010) (citing *Blanco v. Baxter Healthcare Corp.*, 158 Cal. App. 4th 1039, 1058-59 (Ct. App. 2008)). Plaintiff does not make any argument regarding her express warranty claim, and the Court is not persuaded by Plaintiff's assertion that privity exists within her implied warranty claim merely because she purchased Ortho Evra®. (*See* Plf's. Br. at 16) (contending "Plaintiff and Defendants are in privity of contract as a result of Plaintiff purchasing Ortho Evra®."). "In the context of prescription medical devices and pharmaceuticals, the

transaction is between the manufacturer and the physician, not the patient." *Id*. Defendants are therefore entitled to judgment on the pleadings as to Plaintiff's warranty claims.

In summary, Defendants' motion for judgment on the pleadings will be granted as to Plaintiff's express and implied warranty claims, and denied as to Plaintiff's other claims.

## IV. Conclusion

For the reasons stated herein, Defendants' motion for summary judgment is granted in part and denied in part. (Doc. 7). The motion is granted as to Plaintiff's strict liability failure to warn claim, and as to Plaintiff's negligence-based product liability claims. Defendants' motion for summary judgment is denied as to all other claims.

Further, Defendants' motion for judgment on the pleadings is granted as to Plaintiff's breach of express and implied warranty claims, and is denied as to all other claims. (Doc. 7).

IT IS SO ORDERED.

                                               s/ *David A. Katz*
                                               DAVID A. KATZ
                                               U. S. DISTRICT JUDGE