IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

DIANA RIGGINS,

                Plaintiff,                Case No. 3:12 oe 40002

-vs-

                                            <u>MEMORANDUM OPINION</u>

ORTHO MCNEIL PHARMACEUTICAL, INC.,

                Defendant.

KATZ, J.

      Diana Riggins sued Ortho-McNeil Pharmaceutical, Inc. (now know as Janssen Pharmaceuticals, Inc.), Alza Corporation, Johnson & Johnson Pharmaceutical Research and Development, LLC (now known as Janssen Research & Development, LLC), and Johnson & Johnson. Although a resident of California, Ms. Riggins was permitted to file her complaint directly with this Court pursuant to the Court's Case Management Order No. 11 issued in this Multidistrict Litigation case. Ms. Riggins alleged that she had been prescribed the Ortho Evra® birth control patch which allegedly caused her to experience bilateral pulmonary emboli.

      This Court subsequently dismissed Ms. Riggins's strict liability in tort–failure to warn, strict liability in tort–manufacturing defect, negligence, breach of implied warranty, breach of express warranty, and Cal. Stat. § 1750 et seq. claims. (Doc. Nos. 10, 11, 12, 13). The Defendants have now moved for summary judgment on Ms. Riggins's claims alleging deceit by concealment– Cal. Stat. § 1709 and § 1710, negligent misrepresentation, and violations of California's Business and Professions Code § 17200 and § 17500. (Doc. No. 14). Ms. Riggins has filed a response (Doc. No. 16), and the Defendants have filed a reply. (Doc. No. 17). On September 23, 2014, the Court heard oral argument on the pending motion for summary judgment in this case and several other cases concerning the Ortho Evra® birth control patch.

## I. Facts

Ms. Riggins was first prescribed the Ortho Evra® birth control patch in December 2004, and continued using the patch until July 2008. Ms. Riggins experienced bilateral pulmonary emboli in July 2008.

## II. Summary Judgment

In her response to the motion for summary judgment, Ms. Riggins states:

> Defendants' Motion for Summary Judgment ignores judicial efficacy and efficiency. It is unclear why Defendants brought *another* Motion for Summary Judgment based on the *exact same issues* they made on a prior Motion for Summary Judgment. This Court has already made its ruling, namely that Defendants are *not* entitled to summary judgment on Plaintiff's remaining claims which include breach of warranty and fraud claims. As already recognized by this Court, Defendants are *not* entitled to summary judgment.

(Doc. No. 16, p. 4).

However, the claims which are the subject to the pending motion for summary judgment were the subject of a motion for a judgment on the pleadings, not for summary judgment. As this Court stated in *Averhart v. Ortho-McNeil Pharm., Inc.*, No. 3:09 OE 40028, slip op. at 4 (N.D. Ohio Aug. 6. 2014):

> Ms. Averhart asserts that the Defendants are not entitled to have their motion for summary judgment considered by the Court. The Court previously denied Defendants' Federal Rule of Civil Procedure 12(c) motion regarding the issues that are the subject of the current summary judgment motion. (Doc. No. 28, pp. 8–10). Ms. Averhart argues that given the Court's prior decision, under Federal Rule of Civil Procedure 12(g)(2), the Defendants are now prohibited from seeking summary judgment on the issues in question. Rule 12(g)(2) explicitly states that the prohibition in question only applies to motions under Rule 12. A motion for summary judgment is under Rule 56(a). Therefore, Rule 12(g)(2)'s restriction is inapplicable to Rule 56(a). *See Shrader v. Beann*, 503 F. App'x 650, 654 (10th Cir. 2012); *Ennenga v. Starns*, 677 F.3d 766, 772–73 (7th Cir. 2012); *Conrad v. Phone Directories Co.*, 585 F.3d 1376, 1383 n.2 (10th Cir. 2009).

Because the claims in question were not subject to the previous motion for summary judgment, the Defendants are free to seek summary judgment on these claims.

Summary judgment is proper where "there is no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting a genuine issue of material fact must support the argument either by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The Court views the facts in the record and reasonable inferences that can be drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). The Court does not weigh the evidence or determines the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986).

The party requesting summary judgment bears an initial burden of demonstrating that no genuine issue of material fact exists, which the party must discharge by producing evidence to demonstrate the absence of a genuine issue of material fact or "by showing . . . that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–25 (1986) (internal quotation marks omitted). If the moving party satisfies this burden, the nonmoving party "may not rest upon its . . . pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren,* 578 F.3d 351, 374 (6th Cir. 2009) (citing Rule 56 and *Matsushita,* 475 U.S. at 586). The party opposing the summary judgment motion must present sufficient probative evidence supporting its claim that

3

disputes over material facts remain; evidence that is "merely colorable" or "not significantly probative" is insufficient. *Anderson,* 477 U.S. at 248–52.

### III. Fraud and Concealment

Ms. Riggins alleged that the Defendants committed deceit by concealment in violation of Cal. Stat. § 1709 and § 1710, made negligent misrepresentations, and engaged in fraudulent business practices in violation of Cal. Stat. § 17200 and § 17500. In response to Defendants' motion for summary judgment, Ms. Riggins does not discuss applicable California law. To the contrary, her response to the motion is based on Illinois case law. (Doc. No. 16, p. 7). As Ms. Riggins was a resident of California at the time the events in question occurred, and filed her action as a California resident, California, and not Illinois law, applies. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) (when a federal court sits in diversity, the court is bound to follow the law of the forum state).

The court in *Hoffman v. 162 North Wolfe LLC*, 175 Cal. Rptr. 3d 820, 826–28 (Cal. Ct. App. 2014), explained California law regarding fraudulent claims as follows:

> As with all fraud claims, the necessary elements of a concealment/suppression claim consist of "'(1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage.' [Citations.]" (*Alliance Mortgage Co. v. Rothwell* (1995) 10 Cal.4th 1226, 1239, 44 Cal.Rptr.2d 352, 900 P.2d 601 (*Alliance Mortgage*); see also *Boschma v. Home Loan Center, Inc.* (2011) 198 Cal.App.4th 230, 248, 129 Cal.Rptr.3d 874 (*Boschma* ).) "Active concealment or suppression of facts by a nonfiduciary 'is the equivalent of a false representation, i.e., actual fraud.' [Citation.]" (*Vega v. Jones, Day, Reavis & Pogue* (2004) 121 Cal.App.4th 282, 291, 17 Cal.Rptr.3d 26 (*Vega*).) A fraud claim based upon the suppression or concealment of a material fact must involve a defendant who had a legal duty to disclose the fact. (Civ.Code, § 1710, subd. (3) [a deceit includes "[t]he suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact"]; see also Judicial Council of Cal. Civ. Jury Instns. (2013) CACI No. 1901.)

4

> . . . .
>
> As noted, under Civil Code section 1710, subdivision (3), fraud may consist of a suppression of a material fact in circumstances under which the defendant has a legal duty of disclosure. (See *Lingsch v. Savage* (1963) 213 Cal.App.2d 729, 735, 29 Cal.Rptr. 201 ["the person charged with the concealment or nondisclosure of certain facts" must be found to be "under a legal duty to disclose them"].) As explained by the Fourth District Court of Appeal, Division One, "There are 'four circumstances in which nondisclosure or concealment may constitute actionable fraud: (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts. [Citation.]' [Citation.]" (*LiMandri v. Judkins* (1997) 52 Cal.App.4th 326, 336, 60 Cal.Rptr.2d 539 (*LiMandri*).) As the court in *LiMandri* explained further, other than the first instance, in which there must be a fiduciary relationship between the parties, "the other three circumstances in which nondisclosure may be actionable presupposes the existence of some other relationship between the plaintiff and defendant in which a duty to disclose can arise. . . . '[W]here material facts are known to one party and not to the other, failure to disclose them is not actionable fraud unless there is some relationship between the parties which gives rise to a duty to disclose such known facts.' [Citation.]" (*Id*. at pp. 336–337, 60 Cal.Rptr.2d 539, original italics, quoting BAJI No. 12.36 (8th ed. 1994).) A relationship between the parties is present if there is "some sort of transaction between the parties. [Citations.] Thus, a duty to disclose may arise from the relationship between seller and buyer, employer and prospective employee, doctor and patient, or parties entering into any kind of contractual agreement." (*LiMandri*, at p. 337, 60 Cal.Rptr.2d 539 original italics, citing *Warner Constr. Corp. v. City of Los Angeles* (1970) 2 Cal.3d 285, 294, 85 Cal.Rptr. 444, 466 P.2d 996; see also Use Note to CACI No. 1901 [indicating that for concealment claim not based upon fiduciary relationship, "if the defendant asserts that there was no relationship based on a transaction giving rise to a duty to disclose, then the jury should also be instructed to determine whether the requisite relationship existed"].)

The facts are undisputed that before being prescribed the Ortho Evra® patch, Ms. Riggins never communicated with the Defendants regarding the product. She had never seen an advertisement for the patch, never researched the product, and had not known anyone who used the patch. Ms. Riggins admittedly never heard of the Ortho Evra® patch prior to being prescribed the product by her healthcare provider.

5

To establish fraud, Ms. Riggins must show there was a false representation, concealment, or nondisclosure regarding the dangers of the patch; intent by the Defendants to make false statements regarding the patch; intent to induce reliance; justifiable reliance by Ms. Riggins; and damages. *Hoffman*, 175 Cal. Rptr. 3d at 826. In the warning document which accompanied the patch, the Defendants disclosed the dangers associated with the use of the patch. Therefore, no false representation has been established. Further, Ms. Riggins has failed to provide evidence establishing any intent by the Defendants to make false statements regarding the patch. Finally, Ms. Riggins's admissions establish that the Defendants did not induce her to use the Ortho Evra® patch. Thus, Ms. Riggins has failed to establish a claim of fraud.

Ms. Riggins's concealment allegation also fails because she must have had a fiduciary relationship with the Defendants. Ms. Riggins's admissions establish that she had no contact with the Defendants regarding the patch prior to being prescribed the product by her healthcare provider. There is no evidence that the Defendants actively concealed a material fact from Ms. Riggins. Finally, the evidence establishes that the Defendants could not have made partial representations to Ms. Riggins, while also suppressing some material facts, because Ms. Riggins had no prior contact with the Defendants before being prescribed the Ortho Evra® patch by her healthcare provider. *See id.* at 827–28.

### IV. Negligent Misrepresentation

Under California law, the

> elements of negligent misrepresentation are: [M]isrepresentation of a past or existing material fact, without reasonable ground for believing it to be true, and with intent to induce another's reliance on the fact misrepresented; ignorance of the truth and justifiable reliance on the misrepresentation by the party to whom it was directed; and resulting damage.

*Hasso v. Hapke*, 173 Cal. Rptr. 3d 356, 373–74 (Cal. Ct. App. 2014) (internal quotation marks and citation omitted).

As with her fraud claims, Ms. Riggins's negligent misrepresentation claim must also fail. Again, there is no evidence that the Defendants induced Ms. Riggins to use the Ortho Evra® patch. Ms. Riggins had not heard of the patch until it was prescribed by her healthcare provider. Further, there is no evidence of misrepresentation by the Defendants, or that any misrepresentation was directed to Ms. Riggins by the Defendants. This is established by the fact that Ms. Riggins had no contact or information regarding the patch until she met with her healthcare provider. Because the undisputed facts fail to establish the required elements of negligent misrepresentation under California law, the Defendants are entitled to summary judgment on this claim.

## V. Conclusion

Accordingly, Defendants' motion for summary judgment (Doc. No. 14) is granted.

IT IS SO ORDERED.

                                               s/ *David A. Katz*
                                               DAVID A. KATZ
                                               U. S. DISTRICT JUDGE